IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DEANDRE TAYLOR, ) | |
| ) | Case No. |
| ) | |
| Plaintiff, ) | JUDGE |
| ) | |
| v. ) | Magistrate |
| ) | |
| The CITY OF CHICAGO Illinois, a municipal ) | |
| corporation, Chicago Police Officers AARON ) | |
| DAVID (#18491), ROBERT RHODES (#12625), N ) | Jury Trial Demanded |
| MUKITE (#15038), and PO GONZALEZ (#6653) ) | |
| ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF DEANDRE TAYLOR'S COMPLAINT

NOW COMES Plaintiff DEANDRE TAYLOR (hereinafter referred to as "Plaintiff"), by and through his attorney, JULIAN JOHNSON, THE LAW OFFICE OF JULIAN JOHNSON, LLC, for Plaintiff's Complaint and Jury Demand against Defendant Chicago Police Officers AARON DAVID (#18491), ROBERT RHODES (#12625), N. MUKITE (#15038) PO GONZALEZ (#6653), and the CITY OF CHICAGO Illinois, a municipal corporation, states as follows:

### JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

1

## PARTIES

4. Plaintiff, DEANDRE TAYLOR, is a resident of Chicago, Illinois.

5. At all relevant times Defendants AARON DAVID, ROBERT RHODES, N. MUKITE, and GONZALEZ were Chicago Police Officers, employed by Defendant CITY OF CHICAGO, acting under color of law and within the course and scope of their employment.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case, was the employer and principal of Defendants DAVID, RHODES, MUKITE, and GONZALEZ. Should Plaintiff prevail on his claims, Defendant CITY OF CHICAGO must indemnify Defendants DAVID, MUKITE, GONZALEZ and RHODES on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

## FACTS

7. On July 30, 2019, Plaintiff was standing in the playground area of school that is permanently closed located in the 1300 block of South Avers in Chicago.

8. Plaintiff was with two individuals.

9. The three of them had been drinking beer.

10. They were committing no crimes.

11. Defendants RHODES and DAVID arrived at the location where Plaintiff was and exited their police vehicle.

12. Upon arriving at the location, Defendant RHODES began harassing citizens by randomly searching a young African American male walking down the street who had committed no crime.

13. Seeing Defendants DAVID and RHODES, Plaintiff became scared and did not want to be harassed by the Chicago police, so he decided to leave the playground area.

14. Defendant DAVID chased after Plaintiff.

2

15. Plaintiff ran away from Defendant DAVID.

16. Defendant RHODES approached the two individuals Plaintiff was with who were still standing in the playground area.

17. Defendant RHODES stated to the two individuals, "we weren't going to bother you until you started running."

18. Defendant RHODES searched the two individuals and found no illegal narcotics on them.

19. Defendant RHODES did not ask the two individuals anything about them buying narcotics or Plaintiff selling narcotics to them.

20. After searching the two individuals, Defendant RHODES let them go and he walked away.

21. As Defendant Rhodes walked away, he said to the two individuals, "keep on drinking man, I don't know why your buddy ran." Defendant RHODES was referring to Plaintiff.

22. Plaintiff was stopped on a porch located on a nearby street by unknown Chicago Police officers and placed under arrest.

23. Plaintiff was immediately searched while still standing on the porch.

24. Plaintiff was then walked to a police vehicle where he was searched again before being placed in the back of a police vehicle.

25. No illegal narcotics were found on Plaintiff's person before he was placed in the back of the police vehicle.

26. Plaintiff sat in the back of the police vehicle for over 20 minutes.

27. During that time, Plaintiff was searched by Chicago Police officers two additional times.

28. Each time, Plaintiff was patted down and his pockets were entered.

29. No illegal narcotics were found on Plaintiff after he was searched.

30. Plaintiff was transported to the police station.

31. Once at the police station, Plaintiff was searched again, and no narcotics were found on him.

32. Plaintiff sustained an injury to his head when he ran.

33. While at the police station, Plaintiff asked to go to the hospital for treatment of the open wound to his head.

34. Defendants RHODES and DAVID became upset when Plaintiff continued to demand medical treatment and told Plaintiff if he insisted on going to the hospital, they would "hook his ass up."

35. Plaintiff demanded once again to go to the hospital.

36. Plaintiff was transported to Mount Sinai Hospital where he was treated for his injures.

37. After being treated at Mount Sinai Hospital, Plaintiff was transported back to the police station where he was told by Defendants RHODES and DAVID that he was being charged with manufacturing and delivering narcotics.

38. Defendants RHODES and DAVID falsely wrote in official police reports that they observed Plaintiff engage in hand to hand narcotics transactions with other individuals when they came upon him in the playground.

39. Defendants RHODES and DAVID fabricated this story to falsely arrest and charge Plaintiff.

40. Defendants RHODES, DAVID, GONZALEZ and MUKITE falsely claimed in official police reports that narcotics were discovered on Plaintiff's person once at the police station.

41. Prior to arriving at the police station, Plaintiff was searched no less than four times and no illegal narcotics were found on him.

42. On or about August 20, 2019, Plaintiff's criminal case was terminated in his favor in a manner indicative of innocence.

43. Plaintiff suffered damages as a result of this incident.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest)
### Against Defendants Rhodes, David, Mukite, and Gonzalez

44. Each of the foregoing paragraphs is incorporated as if fully restated herein.

45. Defendants DAVID, RHODES, MUKITE, and GONZALEZ arrested Plaintiff without probable cause.

46. Defendants DAVID, RHODES, MUKITE, and GONZALEZ fabricated police reports stating that Plaintiff engaged in narcotics sales and possessed narcotics.

47. Defendants DAVID, RHODES, MUKITE, and GONZALEZ undertook this misconduct intentionally and violated Plaintiff's Fourth Amendment rights.

48. As a result of the misconduct described in this Count, Plaintiff suffered loss of liberty and other damages, which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT II
### (42 U.S.C. § 1983 – Conspiracy)
### Against Defendants Rhodes, David, Mukite, and Gonzalez

49. Each of the foregoing paragraphs is incorporated as if fully restated herein.

50. As described more fully above, Defendants DAVID, RHODES, MUKITE, and GONZALEZ reached an express or implied agreement to violate Plaintiff's constitutional rights as described in the preceding paragraphs.

51. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

52. The misconduct described in this Count was undertaken with willfulness or reckless indifference to the rights of Plaintiff.

53. As a direct and proximate consequence of Defendants DAVID, RHODES, MUKITE, and GONZALEZ'S conduct, Plaintiff suffered damages, including emotional distress, pain and suffering and monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT III
### (Illinois State Law – Malicious Prosecution)
### Against Rhodes, David, Mukite, Gonzalez, and the City of Chicago

54. Each of the foregoing paragraphs is incorporated as if fully restated herein.

55. Defendants DAVID, RHODES, MUKITE, GONZALEZ, and the CITY OF CHICAGO, through its employees and agents, caused criminal proceedings to be initiated against Plaintiff.

56. Defendants DAVID, RHODES, MUKITE, GONZALEZ, and the CITY OF CHICAGO, through its employees and agents, arrested Plaintiff without probable cause, fabricated police reports and placed false charges upon Plaintiff.

57. Defendants DAVID, RHODES, MUKITE, GONZALEZ, and the CITY OF CHICAGO, through its employees and agents, undertook these actions intentionally and with malice.

58. The actions undertaken by Defendants DAVID, RHODES, MUKITE, and GONZALEZ, and the CITY OF CHICAGO, through its employees and agents, were willful and wanton.

59. On or about August 20, 2019, the criminal charges against Plaintiff were dismissed and the case against Plaintiff was terminated in his favor in a manner indicative of innocence.

60. As a result of Defendants DAVID, RHODES, MUKITE, and GONZALEZ, and the CITY OF CHICAGO'S, through its employees and agents, misconduct, Plaintiff suffered damages including emotional distress, pain and suffering other damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT IV
### (Illinois State Law – Intentional Infliction of Emotional Distress)
### Against Rhodes, David, Mukite, Gonzalez, and the City of Chicago

61. Each of the foregoing paragraphs is incorporated as if fully restated herein.

62. As described more fully above, the conduct of Defendants DAVID, RHODES, MUKITE, and GONZALEZ, and the CITY OF CHICAGO, through its agents and employees, was extreme and outrageous in numerous ways, as stated more fully in and throughout this Complaint.

63. Defendants DAVID, RHODES, MUKITE, and GONZALEZ, and the CITY OF CHICAGO, through its employees and agents, intended to inflict severe emotional distress on Plaintiff.

64. Defendants DAVID, RHODES, MUKITE, and GONZALEZ and the CITY OF CHICAGO, through its employees and agents, knew that their misconduct had a high probability of inflicting severe emotional distress on Plaintiff.

65. Defendants DAVID, RHODES, MUKITE, and GONZALEZ and the CITY OF CHICAGO'S, through its employees and agents, misconduct caused Plaintiff to experience severe physical and emotional distress for which Plaintiff continues to suffer.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT V
### (Indemnification)
### Against City of Chicago

66. Each of the foregoing paragraphs is incorporated as if fully restated herein.

7

67. At all relevant times, Defendant CITY OF CHICAGO was the employer of the Individual Defendants.

68. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

69. Defendants DAVID, RHODES, MUKITE, and GONZALEZ committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO.

70. As a proximate cause of Defendants DAVID, RHODES, MUKITE, and GONZALEZ'S unlawful acts, which occurred within the course and scope of their employment activities, Plaintiff suffered physical, monetary and emotional injuries.

**WHEREFORE,** should the Individual Defendants be found liable, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLANTIFF DEMANDS TRIAL BY JURY.**

**DATED**: January 9, 2020                    Respectfully Submitted,

                                              DEADNRE TAYLOR, PLAINTFF

                                              By: /s/ Julian Johnson
                                                  Julian Johnson
                                                  Attorney for Plaintiff

Attorney No: 6306259
The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, Illinois 60603
Phone: 312-487-1711
Fax: 312-300-4029
julian@julianjohnsonlaw.com

8