**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DEANDRE TAYLOR, | ) | |
| | ) | Case No. 20 CV 181 |
| Plaintiff, | ) | |
| | ) | The Honorable Jorge L. Alonso |
| v. | ) | Magistrate McShain |
| | ) | |
| The CITY OF CHICAGO, et al, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT TO DEFENDANT DAVID**

Plaintiff, DEANDRE TAYLOR, by and through his attorney, Julian Johnson, The Law Office of Julian Johnson, LLC, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, propounds the following requests to admit on Defendant DAVID, to be answered in writing within thirty (30) days from the date of service.

1. Admit that you are employed by the Chicago Police Department.
2. Admit that you were trained by the Chicago Police Department.
3. Admit that you were trained by the Chicago Police Department on how to conduct lawful investigatory stops.
4. Admit that you were trained by the Chicago Police Department on how to conduct lawful arrests.
5. Admit that you were trained by the Chicago Police Department on how to operate and use body worn cameras.
6. Admit that you have received training in the Chicago Police academy regarding how to operate body worn cameras.
7. Admit that you have read the Chicago Police General and Special orders regarding use of body worn cameras.
8. Admit that you have received on the job training regarding the proper use of body worn camera.
9. Admit that you have received training during roll calls regarding when and how to use body worn cameras.
10. Admit that you have read Chicago Police Special Order S30-14 prior to day if Plaintiff's arrest.
11. Admit that you were provided with Chicago Police Special Order S30-14 from the Chicago Police Department prior to the day of Plaintiff's of arrest.

12. Admit that you were required to read Chicago Police Special Order S30-14 prior to the day of Plaintiff's arrest.
13. Admit that it is mandatory that a department member is to activate his body worn camera during an arrest.
14. Admit that you read Chicago Police Special Order S30-14 and understood that it is mandatory that a department member is to activate his body camera during an arrest, investigatory stop, search, and other instances when enforcing the law.
15. Admit that you read section B of Chicago Police Special Order S30-14 prior to July 30, 2019 regarding when a department member is to deactivate his body worn camera.
16. Admit that at the time you encountered Plaintiff on July 30, 2019, you were equipped with a body worn camera.
17. Admit that on July 30, 2019, your body worn camera was functioning properly.
18. Admit that on July 30, 2019 you activated your body camera when you encountered Plaintiff.
19. Admit that your body worn camera was activated during the entirety of the stop and arrest of Plaintiff.
20. Admit that your body camera was activated during the entirety of the incident that forms the basis for Plaintiff's arrest.
21. Admit that your body camera was not activated during the entirety of the incident that forms the basis for Plaintiff's arrest.
22. Admit that you made the decision to not activate your body camera during the incident that forms the basis of Plaintiff's arrest.
23. Admit that you were the arresting officer of Plaintiff.
24. Admit that you were the arresting officer of Plaintiff along with Defendant Rhodes.
25. Admit that on July 30, 2019 you did not observe Plaintiff engage in hand to hand narcotics transactions.
26. Admit that on July 30, 2019, at no time did you observe Plaintiff sell narcotics to any individual.
27. Admit that you arrested and charged Plaintiff with selling narcotics.
28. Admit that you are aware of the Rules and Regulations of the Chicago Police Department.
29. Admit that you are aware of Chicago Police Department Rule of Conduct 14.
30. Admit that you are aware of that Chicago Police Department Rule of Conduct 14 prohibits "making a false report, written or oral."
31. Admit that on July 30, 2019 you were in a Chicago Police vehicle on patrol in the 1300 block of South Avers.
32. Admit that Defendant Rhodes was in the same vehicle with you on July 30, 2019 when you were on patrol in the 1300 block of South Avers.
33. Admit that you violated Rule 14 and made false written and oral reports regarding the arrest of Plaintiff.
34. Admit that you are the reporting officer listed on Plaintiff's arrest report.
35. Admit that you are listed as the attesting officer on Plaintiff's arrest report.
36. Admit that as the attesting officer of Plaintiff's arrest report, you authored/wrote the arrest report.
37. Admit that as the attesting officer of Plaintiff's arrest report, you declared and affirmed, under penalty of perjury, that the facts contained in Plaintiff's arrest report were accurate to the best of your knowledge, information and/or belief.
38. Admit that Plaintiff's arrest report is contained at PL000017-PL000021.

39. Admit that PL PL000010 is your body worn camera video from the incident that forms the basis for Plaintiff's July 30, 2019 arrest.
40. Admit that you exited your vehicle at or near the 1:40 mark on PL000010.
41. Admit that on PL000018 it documents that you observed Plaintiff standing in the school playground "engaging in what r/os believed to be a hand to hand narcotics transaction with the other individuals."
42. Admit that you observed Plaintiff engaged in what you believed to be hand to hand narcotics transactions on July 30, 2019.
43. Admit that as you and Officer Rhodes approached Plaintiff as Plaintiff was in the playground, Plaintiff ran.
44. Admit that you did not go over you police radio to alert other officers of Plaintiff's flight.
45. Admit at or near the 2:33 mark on your body worn camera video (PL000010), a Chicago police officer is heard on the police radio reporting that a black male wanted for UUW was running.
46. Admit that you understood the officer who reported someone running and wanted for UUW, as referenced in request to admit 45, was referring to Plaintiff.
47. Admit that you did not go over the police radio and report that Plaintiff was wanted for selling narcotics at any time at the scene of Plaintiff's arrest.
48. Admit that you understood the report, referenced in request to admit 45, about Plaintiff being wanted for UUW to mean that Plaintiff was wanted fo possessing a firearm and/or weapon.
49. Admit that you never saw Plaintiff in possession of a firearm or weapon.
50. Admit that you did no hear anyone go over the police radio and report that Plaintiff was wanted for engaging in narcotics transactions.
51. Admit that you never heard Defendant Rhodes go over the police radio and report that Plaintiff was wanted for engaging in narcotics transactions.
52. Admit that you were present for the apprehension of Plaintiff from the porch.
53. Admit that you placed Plaintiff in custody on the porch.
54. Admit that at or near the 3:55 mark on PL000010 you are on the porch as Plaintiff is taken into custody.
55. Admit that you go inside Plaintiff's pockets while he is still on the porch.
56. Admit that you perform a protective pat down of Plaintiff while he is still on the porch.
57. Admit that you make physical contact with Plaintiff while he is still on the porch.
58. Admit that you perform a search of Plaintiff while he is still on the porch.
59. Admit that you do not find a weapon on Plaintiff after you go inside his pockets while Plaintiff is still on the porch.
60. Admit that you do not find any narcotics on Plaintiff while he is still on the porch.
61. Admit that you were not looking for narcotics when you entered Plaintiff's pockets while still on the porch.
62. Admit that you were looking for a weapon when you entered Plaintiff's pockets while still on the porch.
63. Admit that upon leaving the porch you went and looked in surrounding areas.
64. Admit that at or near the 5:12 mark on your body worn camera (PL000010), you are seen entering the gangway/side of a home.
65. Admit that you were looking for a weapon that Plaintiff was alleged to have. *Note this request relates and refers to request number 64*.
66. Admit that you were not looking for narcotics. *Note this request relates and refers to request number 64*.

67. Admit that when Plaintiff was taken into custody on the porch, you did not inform any of the responding officers that you observed Plaintiff engage in hand to hand narcotics transactions.
68. Admit that as officers went search the surrounding areas after Plaintiff was taken into custody, you did not inform the officers that Plaintiff was seen engaging in hand to hand narcotics transactions.
69. Admit that as the officers went to search the surrounding areas after Plaintiff was taken into custody, you did not inform the officers to look for narcotics that may have been dropped by Plaintiff.
70. Admit that on your body worn camera video (PL000010) at or near the 5:57 mark, you say to another officer "they were all chilling right here."
71. Admit that when you made the statement "they were all chilling right here", as referenced in number 70, you were referring to Plaintiff and the individuals who were with him in the playground area.
72. Admit that when you made the statement "they were all chilling right here", as referenced in number 70, you did not inform the officer that you were speaking with that you observed Plaintiff engage in hand to hand narcotics transactions with the individuals Plaintiff was in the playground area with.
73. Admit that at or near the 6:19 mark of your body worn camera (PL000010) you entered the backyard of a residence near the playground area.
74. Admit that there were other officers in the backyard area referenced in number 73.
75. Admit that at no time in the backyard area that you entered, as referenced in number 73, did you inform the officers that Plaintiff was observed engaging in what was believed to be hand to hand narcotics transactions.
76. Admit that when you were in the backyard area referenced in number 73, you looked around the area.
77. Admit that when you were in the backyard area referenced in number 73 you were looking for a weapon.
78. Admit that when you were in the backyard area referenced in number 73, you were not looking for narcotics.
79. Admit that at or near the 7:32 mark on PL000010 officer Rhodes asks you if your body camera was on.
80. Admit that you when Officer Rhodes asked you if your body worn camera was on, as referenced in number 79, you understood that Officer Rhodes was asking you if your body camera was activated.
81. Admit that after Officer Rhodes asked you if your body camera was on, as referenced in number 79, you responded that it was activated.
82. Admit that after informed Officer Rhodes that your body worn camera was activated, Officer Rhodes left the backyard area. *This request relates and refers to number numbers 79-81.*
83. Admit that at or near the 8:10 mark of your body worn camera (PL000010), you say to another police officer "we seen them all drinking."
84. Admit that at or near the 8:10 mark of your body worn camera (PL000010) you inform another police officer that you saw Plaintiff and two other individuals drinking in the playground area.
85. Admit that you did not inform the officer, referenced in number 83, that you observed Plaintiff engaged in what you believed to be hand to hand narcotics transactions.
86. Admit that at or hear the 9:43 mark of your body worn camera video (PL000010) Officer Rhodes asks you if your body worn camera was off.

87. Admit that after officer Rhodes asked you if your body worn camera was off, as referenced in number 87, you stated deactivated your body worn camera.
88. Admit that after deactivating your body worn camera, you did not activate it again.
89. Admit that after deactivating your body worn camera did not activate it again during the investigation and processing of Plaintiff's arrest.
90. Admit that Chicago Police Special Order S03-14 states that a department member will not deactivate his camera unless the entire incident has been recorded and the member is no longer engaged in law enforcement related activity.
91. Admit that at the time that you deactivated your camera you were still engaged in law enforcement related activity.
92. Admit that you have been trained no less than 4 times on the procedures and protocols that pertain to operating body worn camera.
93. Admit that the two individuals that Plaintiff was believed to have engaged in hand to hand narcotics transactions were never arrested.
94. Admit that you never wrote in any Chicago Police Department report that Plaintiff was believed to be in possession of a weapon.
95. Admit that on FCRL 000123, at or near the 18:58 mark, you and Defendant Rhodes are seen walking to the car that Plaintiff is being held in.
96. Admit that on FCRL 00123, at or near the 18:58 mark you speak to Plaintiff and ask Plaintiff his name.
97. Admit that on FCRL 000123, at no time at no time while standing at the vehicle that Plaintiff was being held in did you ask Plaintiff anything about Plaintiff engaging in hand to hand narcotics transactions while in the playground.
98. Admit that while standing at the vehicle that Plaintiff was being held in, you had Plaintiff's criminal history ran.
99. Admit that you while standing at the vehicle that Plaintiff was being held in, you never informed Plaintiff why he was being arrested.
100. Admit that at or near the 20:00 mark on FCRL 000123, you stated to transport officers that "he can go in. He's going in regardless."
101. Admit that when you made the statement referenced in number 100, you were referring to Plaintiff.
102. Admit that you never told the transport officers that you observed Plaintiff engage in hand to hand narcotics transactions.
103. Admit that while at the location of Plaintiff's arrest, you never told any Chicago Police officer that you saw Plaintiff engage in hand to hand narcotics transactions.
104. Admit that Plaintiff's arrest report (PL00017) indicates that Plaintiff was charged with violating City of Chicago Municipal Code Section 8-4-030.
105. Admit that Plaintiff was not charged with violating Chapter 7 of the City of Chicago Park District Code.
106. Admit that Plaintiff was not charged with violating Chicago Police Department Order G202-02
107. Admit that prior to July 30, 2019 you have never read Chapter 7 of the City of Chicago Park District Code.
108. Admit that on July 30, 2019, you did not consult Chapter 7 of the City of Chicago Park District Code.

109. Admit that on July 30, 2019, you did not consult with Chicago Police Department Order G202-02.
110. Admit that Plaintiff was not engaged in First Amendment conduct at the time you arrested him.
111. Admit that you have never arrested and charged someone with violating Chicago Police Department Order G202-02.
112. Admit that prior to July 30, 20191, you have never relied on Chicago Police Department Order G202-02 in arresting and charging someone.
113. Admit that prior to July 30, 2019, you have never arrested someone for violating Chapter 7 of the Chicago Park District Code.
114. Admit that you were never trained to arrest someone for violating Chapter 7 of the Chicago Park District Code when that person was not on park district property.
115. Admit that you completed a criminal complaint in connection for Plaintiff arrest.
116. Admit that you completed the criminal complaints located at PL000008-Pl000009.
117. Admit that PL000009 states that Plaintiff violated MCC 8-4-030(a).
118. Admit that MCC 8-4-030(a) on PL000009 refers to City of Chicago Municipal Code section 8-4-030(a).
119. Admit that you did not complete a criminal complaint for Plaintiff violating Chapter 7 of the Chicago Park District Code.
120. Admit that you did not complete a criminal complaint for Plaintiff violating Chicago Police Department Order G02-02.
121. Admit that you did not consult or review Chapter 7 of the Chicago Park District Code when PL000009 was completed.
122. Admit that you did not consult or review Chicago Police Department Order G02-02.
123. Admit that you signed PL000009.
124. Admit that you completed PL000008.
125. Admit that PL000008 is a criminal complaint that alleges that Plaintiff with manufacturing and delivering narcotics.
126. Admit that PL000008 states that you never observed Plaintiff deliver narcotics to anyone on July 30, 2019.
127. Admit that your signature appears on PL000008.
128. Admit that at no time while your body worn camera was activated did you tell any Chicago Police officer that you observed Plaintiff deliver narcotics to any person on July 30, 2019.
129. Admit that at or near the 9:34 mark of your body worn camera (PL000010), you state to Officer Rhodes and another officer "we got him for the drinking, so fuck it."
130. Admit that you were referring to Plaintiff when you stated, "we go him for the drinking, so fuck it."
131. Admit that when you made the statement "we go him for the drinking, so fuck it" you were referring to Plaintiff being arrested.
132. Admit that when you made the statement, "we got him for the drinking, so fuck it", you did not state that Plaintiff would be arrested for engaging in narcotics transactions.
133. Admit that you were the arresting officer of Chase Witt on July 30, 2019.
134. Admit that you arrested Chase Witt for possession of narcotics on July 30, 2019.
135. Admit that you arrested Chase Witt before Plaintiff was arrested on July 30, 2019.
136. Admit that your PL000025 is an inventory of items alleged to have been recovered from Plaintiff's person.

137. Admit that PL000025 lists narcotics as being recovered.
138. Admit that on PL000025 in the section listed "Recovered/Seized From – Name" it lists Chase Witt.
139. Admit on PL000025 in the section for where the narcotics were seized from it states 3315 W Ogden.
140. Admit that Plaintiff was not arrested at 3315 West Ogden.
141. Admit that your name appears in the second officer name section on PL000025.
142. Admit that FCRL 000027 is a report from the Illinois State Police addressed to you, David Aaron.
143. Admit that FCRL000027 is a report from the Illinois State Police that contains the Agency Case number JC371539.
144. Admit that JC371539 listed on FCRL000027 is the RD number associated with Plaintiff's arrest.
145. Admit that FCRL000027 lists the suspect as Chase Witt.
146. Admit that the report date for FCRL000027 is August 16, 2019.
147. Admit that you are the reporting officer on the Original Case Incident Report (PL000022-PL000023).
148. Admit that you authored PL000022-PL000023.
149. Admit that in the Original Case Incident Report, it states that Plaintiff was engaging in what "R/O's believed to be hand to hand narcotics transaction with the other individuals."
150. Admit that "R/Os" as stated in the Original Case Incident Report refers to you and Officer Rhodes.
151. Admit that while standing at the transport vehicle that Plaintiff was being held in on scene, you never asked the transport officers whether they found narcotics on Plaintiff.
152. Admit that while standing at the transport vehicle that Plaintiff was being held in on scene, you never asked Plaintiff where the narcotics you observed him selling were.
153. Admit that the City of Chicago Municipal Code defines the "public way."
154. Admit that Plaintiff was not on a sidewalk you initially observed him on July 30, 2019.
155. Admit that Plaintiff was not on a street when you initially observed him on July 30, 2019.
156. Admit that Plaintiff was not in an alley when you initially observed him on July 30, 2019.
157. Admit that Plaintiff was not on a highway when you initially observed him on July 30, 2019.
158. Admit that Plaintiff was not on a public thoroughfare when you initially observed him on July 30, 2019.
159. Admit that Plaintiff was not observed by you on the public way as defined by City of Chicago Municipal Code Section 1-4-090.
160. Admit that you testified at Plaintiff's criminal proceedings.
161. Admit that you testified at Plaintiff's criminal proceedings that you observed Plaintiff engage in hand to hand narcotics transactions.

**DATED**: July 15, 2020

Respectfully submitted,

/s/ Julian Johnson
Julian Johnson
Attorney for Plaintiff

The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, IL 60603
(312) 487-1711

**CERTIFICATE OF SERVICE**

I, Julian Johnson, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing **PLAINTIFFS'FIRST SET OF REQUESTS TO ADMIT TO DEFENDANT DAVID** to be served via email on July 15, 2020 to the below attorneys:

Brett Kabicinski, Brett.Kabicinski@cityofchicago.org
Cheryl Friedman, Cheryl.Friedman1@cityofchicago.org
Iris Y. Chavira, Iris.Chavira@cityofchicago.org
City of Chicago Department of Law
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
*Attorneys for Defendant City of Chicago*

Brian Wilson, Brian.Wilson2@cityofchicago.org
Elizabeth Hanford, Elizabeth Hanford@cityofchicago.org
Jessica Griff, Jessica.Griff@cityofchicago.org
City of Chicago Department of Law
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
*Attorneys for Defendant Officers*

Respectfully submitted,

s/ Julian Johnson
Julian Johnson

The Law Office of Julian Johnson, LLC
55 East Monroe, Suite 3800
Chicago, IL 606002
(312) 487-1711
julian@julianjohnsonlaw.com